KEY OUTDOOR, INC., Plaintiff-Appellant, v. THE DEPARTMENT OF TRANSPORTATION, *et al.*, Defendants-Appellees.

Fourth District    No. 4—00—0529

Argued March 20, 2001.—Opinion filed April 2, 2001.

Jeffrey W. Tock (argued), of Harrington, Tock & Royse, of Champaign, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jerald S. Post (argued), Assistant Attorney General, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Key Outdoor, Inc., sought judicial review of the decision by the Illinois Department of Transportation (IDOT) to deny plaintiff's request for a commercial driveway permit. The circuit court denied plaintiff's motion to remand the matter for a hearing before IDOT and affirmed the decision of the agency. Plaintiff appeals, arguing the circuit court erred in denying plaintiff's motion to remand the case to IDOT for a hearing and erred in affirming the decision of IDOT to deny plaintiff's request for a permit. We affirm.

## I. BACKGROUND

In June 1999, plaintiff informed IDOT by letter it was in the process of selling a parcel of land in Decatur, Illinois, to a car wash business for $175,000. Plaintiff informed IDOT the sale was contingent, however, upon plaintiff obtaining a commercial driveway permit to 44th Street from IDOT. IDOT worked on the problem throughout the summer of 1999.

The parcel of land is approximately 1.2 acres and is located at the southwest intersection of 44th Street and U.S. Route 36, as shown on the appended drawing. The two roads form an obtuse angle at the intersection, and the parcel is an irregular, five-sided lot. The parcel's northern edge abuts Route 36 and runs northwest from 44th Street approximately 100 feet, then takes a less severe angle for another 200 feet. Its eastern edge abuts 44th Street. No point of this edge lies farther than 200 feet from Route 36. The western edge is 215 feet long and abuts Phyllis Drive, a residential dead-end street not intersecting with the highway. Plaintiff points out the originally platted right-of-way is to Phyllis Drive. The southern edge abuts another parcel or parcels of land.

IDOT maintains and controls Route 36 and controls access drives to roadways intersecting Route 36 where such driveways are within 200 feet of the edge of Route 36 pavement. IDOT previously acquired the right to prohibit access from the plaintiff's property directly onto Route 36. The property is vacant except for an outdoor advertising sign owned and maintained by plaintiff. The property is zoned for commercial use.

On September 10, 1999, IDOT informed plaintiff by letter it denied plaintiff's request for a commercial driveway permit, and all information concerning the matter was forwarded to IDOT's Springfield office for review. On September 16, 1999, plaintiff by letter requested a written explanation of the basis for the denial and why he could not receive a variance based on IDOT's Handbook for the Policy on Permits for Access Driveways to State Highways, which provides as follows:

"G. Policy Variances

Requests for variances from the provisions of this policy may be considered where unusual conditions are present. Such requests will be reviewed on an individual basis and may be allowed only where extreme, unique, unusual circumstances would make compliance impractical or unreasonable. Exceptions will not be allowed if they would jeopardize public safety or the traffic carrying capacity of the State highway."

On October 1, 1999, IDOT responded to plaintiff in part as follows:

"The proposed access location is not at least 200 feet away from the through edge of pavement on U.S. Route 36 to the near radius point of your proposed entrance. The distance is specified in [IDOT's] published access rules[ ] (92 Illinois Administrat[ive] Code [§ ]550 [(1999)]) and is established to maintain sufficient distance between the through[-]traffic lane and an entrance so that no traffic awaiting ingress will possibly back onto the state highway and cause traffic safety problems. This parcel of land is not

considered landlocked because access may be gained along the west side of the property on Phyllis Drive."

On October 6, 1999, plaintiff by letter indicated he was still awaiting an explanation of why IDOT could not apply the variance provision. Plaintiff also noted Decatur township would not allow commercial access onto Phyllis Drive, and he requested forms for seeking judicial review.

On November 3, 1999, plaintiff filed a complaint for administrative review, requesting the circuit court to reverse IDOT's denial of the commercial driveway permit. Defendants answered by submitting the correspondence and the administrative record on the matter. On April 4, 2000, plaintiff filed a motion requesting the court to remand the case to IDOT for a formal hearing. On May 9, 2000, the court heard argument on the motion and denied it. In addition, the court determined IDOT's decision to deny the permit was not against the manifest weight of the evidence and entered judgment for IDOT.

This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues (1) IDOT could not restrict its access rights to 44th Street without a hearing because to do so would deny plaintiff a property right; (2) IDOT failed to comply with the Administrative Review Law (Review Law) (735 ILCS 5/3—101 through 3—113 (West 1998)) and the Administrative Procedure Act (Procedure Act) (5 ILCS 100/1—1 through 15—10 (West 1998)) which require a hearing to be held on this matter; and, alternatively, (3) IDOT's denial of plaintiff's commercial driveway permit request was contrary to the manifest weight of the evidence.

■ In reviewing a final decision under the Review Law, we review the administrative agency's decision and not the circuit court's determination. *Richard's Tire Co. v. Zehnder*, 295 Ill. App. 3d 48, 56, 692 N.E.2d 360, 366 (1998); see *Jackson v. Board of Review of the Department of Labor*, 105 Ill. 2d 501, 513, 475 N.E.2d 879, 885 (1985)). An administrative agency's decisions on questions of fact are entitled to deference and are reversed only if against the manifest weight of the evidence. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88, 606 N.E.2d 1111, 1117 (1992). Questions of law decided by such an agency are not entitled to deference and are reviewed *de novo. Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 214, 632 N.E.2d 1035, 1037 (1994).

### A. IDOT Did Not Restrict Plaintiff's Access Rights Without a Hearing

■ Plaintiff first argues IDOT could not deny plaintiff's request

for a commercial driveway permit without a hearing because to do so would be to deny plaintiff's property rights without due process. Whether IDOT restricted plaintiff's access without a hearing is a question of law and will be reviewed *de novo* by this court. *XL Disposal Corp. v. Zehnder*, 304 Ill. App. 3d 202, 207, 709 N.E.2d 293, 297 (1999).

■ First, insofar as the record before us shows, plaintiff never made a formal request to IDOT to hold a hearing on this matter. Plaintiff first made this request in the circuit court. The Review Law provides "[n]o new or additional evidence in support of or in opposition to any finding, order, determination[,] or decision of the administrative agency shall be heard by the court." 735 ILCS 5/3—110 (West 1998). Thus, this court will only review plaintiff's claim to a hearing in the context of whether a hearing was required as a matter of law.

■ Plaintiff points out "[n]o person shall be deprived of life, liberty[,] or property without due process of law nor be denied the equal protection of the laws." Ill. Const. 1970, art. 1, § 2. However, defendants argue due process is a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular situation demand. *Abrahamson*, 153 Ill. 2d at 92, 606 N.E.2d at 1119. Due process does not necessitate a hearing in every case of government impairment of a private interest. *Roosevelt-Wabash Currency Exchange, Inc. v. Fornelli*, 49 Ill. App. 3d 896, 899, 364 N.E.2d 449, 451 (1977).

Plaintiff argues IDOT cannot limit plaintiff's access rights without a hearing. Plaintiff opines IDOT acquired the access rights of the property to U.S. Route 36 in approximately 1953, when U.S. Route 36 was designated a freeway. Plaintiff argues, prior to 1974, the setback policy for the distance between the edge of the highway to a driveway was 100 feet. Starting in 1974, IDOT extended its regulation of driveways on streets intersecting freeways to 200 feet from the edge of the highway pavement. Plaintiff points out this did not become a problem for plaintiff until it attempted to obtain a commercial driveway permit to sell this piece of property. Plaintiff contends the normal procedure for IDOT is to obtain such rights of access through purchase or condemnation. 92 Ill. Adm. Code § 550.30(a)(5) (1998).

■ However, defendants argue plaintiff did not make any argument in the circuit court for compensation for any loss of property rights. As a result, plaintiff forfeited any such claim for purposes of the instant proceeding. *Bell v. Yale Development Co.*, 102 Ill. App. 3d 108, 112, 429 N.E.2d 894, 897-98 (1981). Moreover, any claim for compensation from IDOT is necessarily a claim against the State and

is barred by sovereign immunity. *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 725, 658 N.E.2d 1261, 1266 (1995). Plaintiff must bring such a claim for compensation in the Illinois Court of Claims. *Reyes v. Court of Claims*, 299 Ill. App. 3d 1097, 1103-05, 702 N.E.2d 224, 229-30 (1998). However, if we were to address plaintiff's claim further upon the merits, we would reject it.

■ Plaintiff argues IDOT's denial of the permit destroyed all commercial value of the property since, without the access, he cannot sell the property to the car-wash business. Defendants argue plaintiff can still use the property for commercial advertising, consistent with its commercial use in the past. We agree with defendants. Plaintiff has precisely the same bundle of property rights he had in May 1999 before he requested the commercial driveway permit. IDOT obtained these access rights by operation of law in 1974; any restriction in access rights occurred at that time, not when plaintiff applied for the instant commercial driveway permit.

Neither does the existence of four properties in the area with commercial driveways closer to the highway require a different conclusion. These properties had such driveways in place when IDOT extended its access rights to 200 feet and IDOT permitted the use to continue subject to traffic problems. Their continued existence does not render IDOT's denial of plaintiff's commercial driveway permit a restriction on his access rights.

### B. Neither the Review Law Nor the Procedure Act Required IDOT to Afford Plaintiff a Hearing on a Request for a Commercial Driveway Permit

■ Plaintiff next argues the Review Law and the Procedure Act required IDOT to afford him a hearing on his permit request. Since this issue is one of law, we review it *de novo*. *XL Disposal*, 304 Ill. App. 3d at 207, 709 N.E.2d at 297.

Plaintiff points out "[a]ll agencies shall adopt rules establishing procedures for contested case hearings." 5 ILCS 100/10—5 (West 1998). Plaintiff defines a "contested case" as an "adjudicatory proceeding (not including ratemaking, rulemaking, or quasi-legislative, informational, or similar proceedings) in which the individual legal rights, duties, or privileges of a party are required by law to be determined by an agency only after an opportunity for a hearing." 5 ILCS 100/1—30 (West 1998). Plaintiff argues this must be a contested case.

Defendants respond the Procedure Act only applies to a contested case where the law entitles the aggrieved party to a hearing. *In re Medical License of Munoz*, 101 Ill. App. 3d 827, 829-30, 428 N.E.2d 1137, 1139 (1981) (agency not required to hold a hearing where Medi-

cal Practice Act of 1987 (225 ILCS 60/1 through 63 (West 1998)) did not require a hearing in the case).

Plaintiff relies on *Department of Public Works & Buildings v. Wilson & Co.*, 62 Ill. 2d 131, 340 N.E.2d 12 (1975), in arguing IDOT denied him property without due process. In *Public Works*, 62 Ill. 2d at 143-44, 340 N.E.2d at 18-19, the Supreme Court of Illinois held the Illinois Highway Code (Highway Code) (605 ILCS 5/1—101 through 11—107 (West 1998)) recognizes an abutting property owner's right to reasonable ingress and egress to and from an abutting highway, except as limited by law, and it does not permit complete elimination of all direct access without payment of compensation in an eminent domain proceeding. However, several points distinguish this case from *Public Works*. In *Public Works*, 62 Ill. 2d at 134, 340 N.E.2d at 13, the State sought to acquire a .55-acre tract of land through eminent domain, which was the owner's entire frontage and only access to a public road. However, in the case at hand, the State did not seek to acquire any of plaintiff's property; plaintiff's right of access was already limited (see 92 Ill. Adm. Code § 550.30(a)(5)(D) (1985) (stating it was amended August 27, 1974; codified at 8 Ill. Reg. 5702 (April 27, 1984))). A hearing is appropriate in situations such as *Public Works*, where the State is seeking to take access from a property not already limited by law.

Plaintiff cites no provision of the Highway Code, nor is this court aware of any, requiring IDOT to hold a hearing on whether a commercial driveway permit should be granted; neither does this case become a contested case because of any denial of a property interest. In this case, the regional IDOT office denied plaintiff's permit request after several months of analysis of the situation. IDOT's central office in Springfield then reviewed this decision. It provided a written denial to plaintiff, along with an explanation of its decision. IDOT provided to the circuit court, for review, a complete record of its actions and findings in connection with its denial of the commercial driveway permit. Under these circumstances, due process did not require IDOT to grant plaintiff a hearing on the permit request.

■ Plaintiff next argues the Review Law requires IDOT to hold a hearing after the denial of a commercial driveway permit if the aggrieved party requests a hearing. Section 4—211 of the Highway Code (605 ILCS 5/4—211 (West 1998)) provides as follows:

> "Any person adversely affected by any rule, regulation, specification[,] or decision of the Department issued pursuant to [s]ections 4—209, 4—210[,] or 4—211 or by any failure of the Department to act upon an application for a permit thereunder shall be entitled to judicial review under the provisions of the [Review Law]."

In addition, an agency decision reviewable under the Review Law is defined by plaintiff as "any decision, order[,] or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties[,] or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 1998).

Plaintiff contends both these provisions dictate the final administrative decision contemplated must have followed an administrative hearing. Generally, judicial review of an agency action can only occur where there has been a final agency determination, and this *usually* follows some sort of adversarial process involving the parties affected, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial fact finder. *Board of Trustees of the Addison Fire Protection District No. 1 Pension Fund v. Stamp*, 241 Ill. App. 3d 873, 881, 608 N.E.2d 1274, 1281 (1993).

However, defendants argue a hearing is not always required before a final administrative decision is rendered. See *Midland Enterprises, Inc. v. City of Elmhurst*, 226 Ill. App. 3d 494, 499-502, 589 N.E.2d 1019, 1023-24 (1993) (floodplain construction permit granted by the Division of Water Resources was a final administrative decision though the agency never held a hearing); *Sahara Coal Co. v. Department of Mines & Minerals*, 103 Ill. App. 3d 115, 119, 431 N.E.2d 394, 398 (1981) (the decision of the Department "to grant or deny a strip-mining permit *** [was] reviewable under the [Review Law] whether or not any type of 'hearing' [was] ever held").

■ "A final and binding decision by an administrative agency *requires*, at the very least, that the agency has taken some definitive action with regard to the application before it and that the applicant has been informed of the action." (Emphasis added.) *Illinois Wood Energy Partners, L.P. v. County of Cook*, 281 Ill. App. 3d 841, 851, 667 N.E.2d 477, 483 (1995). In this case, IDOT made a final determination to deny plaintiff's driveway application and informed plaintiff by letter of its decision and its reasoning. IDOT made a final determination within the provisions of the Review Law. Plaintiff then sought judicial review of this decision. The circuit court correctly denied plaintiff's motion to remand the matter for a hearing before IDOT.

### C. IDOT's Denial of Plaintiff's Commercial Driveway Permit Request Was Not Against the Manifest Weight of the Evidence

■ Plaintiff last argues, alternatively, IDOT's denial of its commercial driveway permit request was contrary to the manifest weight of the evidence. Plaintiff contends IDOT erred in denying the commercial driveway permit based on IDOT's factual determinations. De-

cisions based on factual determinations are entitled to deference and are reversed only if against the manifest weight of the evidence. *Abrahamson*, 153 Ill. 2d at 88, 606 N.E.2d at 117. An administrative agency's factual determinations are against the manifest weight of the evidence where the opposite conclusion is clearly evident. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204, 692 N.E.2d 295, 302 (1998).

The Highway Code authorizes IDOT to promulgate regulations concerning driveways as follows:

> "The Department is authorized to adopt and to amend reasonable and necessary rules, regulations[,] and specifications covering standard entrance or exit driveways to serve residential, farm, commercial, industrial, and roadside service establishments and other uses of property abutting upon State highways[,] including specifications for drainage and other structures appurtenant to such driveways." 605 ILCS 5/4—210 (West 1998).

IDOT promulgated rules regarding the construction of driveways. The provision applicable to this situation states:

> "Where no frontage road has been constructed, no part of a driveway entering a crossroad or street that intersects the freeway at grade shall be closer to the near edge of the through-traffic lane of the freeway than 100 feet for noncommercial driveways or 200 feet for commercial driveways. These minimum distances shall be measured at right angles to the highway pavement." 92 Ill. Adm. Code § 550.30(a)(5)(D) (1998).

In addition, "[w]here access rights have been acquired, driveway permits cannot generally be issued." 92 Ill. Adm. Code § 550.30(a)(5)(E) (1998).

However, the Highway Code also provides for an exception from the rules under certain circumstances, as follows:

> "No permit shall be issued by the Department for the construction of any such driveway which does not conform to the applicable standard prescribed by the Department [(1)] unless the application therefor is accompanied by [(a)] drawings of and specifications for the proposed construction and [(b)] a showing of reasonable need for departure from the applicable standard type of driveway prescribed by the Department[,] nor unless [(2)] it is made to appear that the proposed construction and the use thereof will not be inconsistent with [(a)] public safety and use nor with [(b)] the proper construction and maintenance of the highway and its drainage and other facilities." 605 ILCS 5/4—210 (West 1998).

IDOT denied plaintiff's request for a commercial driveway permit as follows:

> "The proposed access location is not at least 200 feet away from

the through edge of pavement on U.S. Route 36 to the near radius point of your proposed entrance. This distance is specified in the Department's published [a]ccess [r]ules *** and is established to maintain sufficient distance between the through traffic lane and an entrance so that no traffic awaiting ingress will possibly back onto the state highway and cause traffic safety problems."

Plaintiff first argues IDOT's decision in this case was not reasonable. "No final or absolute rule can be laid down to determine reasonableness [of the regulation of public highways], but the circumstances of each situation must be weighed in the light of the purpose sought to be accomplished." *Ryan v. Rosenstone*, 20 Ill. 2d 79, 82, 169 N.E.2d 360, 362 (1960). Plaintiff contends it does not have sufficient frontage along 44th Street to meet the regulation, but if IDOT took into account the amount of "stacking area" of cars within the proposed car wash, plaintiff would have sufficient distance away from the freeway. 92 Ill. Adm. Code § 550.30(b)(12) (1998). Plaintiff argues it has ample room to prevent such a traffic problem from occurring. Thus, since IDOT's reason for denying plaintiff's request was to prevent traffic awaiting ingress to the car wash from backing up onto Route 36 and causing safety problems, its determination is unreasonable.

We disagree. We find the regulation is reasonable, particularly in the circumstances of this case. As defendants point out, a car wash has inherent problems of traffic backing up, which in turn could cause serious traffic problems on U.S. Route 36. We agree with defendants that merely having sufficient car-stacking capacity within the proposed car wash does not mean plaintiff must not also comply with other reasonable regulations and requirements. The rule in question was reasonable in the circumstances of this case.

Plaintiff next points out several businesses located in the vicinity of the proposed car wash fail to meet the 200-foot setback. Plaintiff argues it is unreasonable to deny another nonconforming driveway on the road. Defendants explain those driveways were, however, in existence prior to the 1974 IDOT regulations extending its access from 100 to 200 feet next to highways taking effect, and IDOT allowed those driveways to be "grandfathered" in. Simply because IDOT did not require preexisting driveways to be modified does not mean it must allow additional nonconforming commercial driveways.

Plaintiff also points to IDOT's policy manual, provided to it by IDOT, provision (G) of which allows variances from the rules where extreme, unique, or unusual circumstances make compliance impossible or impractical. Plaintiff provides no citation in the administrative regulations corresponding to provision (G) of IDOT's handbook,

nor do defendants; neither is this court aware of any regulations that provide guidance on procedures for obtaining a variance and factors IDOT will consider in ruling thereon. Although section 4—210 of the Highway Code provides some basis for an exception, administrative provisions must be properly promulgated in the Illinois Register to be applied against someone and have the effect of law. Moreover, as IDOT points out, it will not allow an exception if it would jeopardize public safety or the traffic-carrying capacity of the road in question. Plaintiff's circumstances are hardly unusual: it owns a small corner property it could sell for a higher price if it had a commercial driveway on 44th Street, which would necessarily be within IDOT's 200-foot access to the highway. Assuming *arguendo* plaintiff's circumstances were unusual, IDOT was entitled to give greater weight to legitimate safety concerns than the nature of the property. IDOT's decision was not against the manifest weight of the evidence.

## III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment denying plaintiff's motion for a hearing and affirming IDOT's denial of plaintiff's commercial driveway request.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.

# APPENDIX