NO. 4-04-0391 

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DANIEL A. McDOUGALL,

          Plaintiff-Appellee,

          v.

JESSE WHITE, Illinois Secretary of State,

          Defendant-Appellant.

)

)

)

)

)

)))

Appeal from

Circuit Court of

Sangamon County

No. 03MR403  

Honorable

Dennis L. Schwartz,

Judge Presiding.

       JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Daniel A. McDougall, filed an action in the circuit court of Sangamon County for administrative review of the decision of defendant, Jesse White, Illinois Secretary of State (Secretary), denying plaintiff's petition for reinstatement of driving privileges.  The circuit court reversed the Secretary and ordered full reinstatement.  We reverse the circuit court and reinstate the Secretary's decision.

I. BACKGROUND

On September 19, 1992, plaintiff was arrested for driving under the influence of alcohol (DUI) in violation of section 11-501 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-501).  He refused to submit to a Breathalyzer test, resulting in the automatic suspension of his driver's license.  See Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-501.1.  He pleaded guilty to DUI and received court supervision.  Plaintiff regained his driving privileges only to be arrested a second time for DUI on February 22, 1999.  Plaintiff again pleaded guilty to DUI, and on January 29, 2000, the Secretary entered an order revoking his driver's license pursuant to section 6-205(a)(2) of the Code (625 ILCS 5/6-205(a)(2) (West 1998)).  Plaintiff was eligible for full reinstatement after April 9, 2000.  Through the formal hearing process, plaintiff on three occasions unsuccessfully attempted to regain some type of driving relief.  

On July 24, 2002, after plaintiff's fourth hearing, the Secretary issued an order denying him full reinstatement but granting him a restricted driving permit (RDP) for work purposes valid through September 16, 2003.  Because plaintiff was considered a recidivist, he was ordered to comply with the RDP procedures related to the use of a breath-alcohol-ignition-interlock device (BAIID).  See 625 ILCS 5/6-205(h) (West 2000).  Plaintiff installed the BAIID in his vehicle and complied with all conditions related thereto until July 22, 2003.

During his formal hearing on July 31, 2003, plaintiff informed the hearing officer that he had the BAIID removed from his vehicle "because [he] fulfilled [his] contract."  The hearing officer then prepared his findings and recommendations, and on August 29, 2003, the Secretary issued his order adopting the same.  According to the hearing officer, plaintiff had provided sufficient evidence to carry his burden of proving that his alcohol problem had been resolved.  However, in light of plaintiff's testimony that he had the BAIID removed from his vehicle, the hearing officer recommended plaintiff be denied full reinstatement.  The hearing officer noted that a report had been sent to the BAIID Unit (presumably by the BAIID technician who removed the device), which indicated the device was "deinstalled" on July 22, 2003.  The report indicated plaintiff asked that the BAIID be removed from his vehicle because he had a hearing scheduled on July 31, 2002, and he no longer wanted to pay for the device.  The hearing officer found plaintiff's failure to voluntarily surrender his RDP after the device was removed from his vehicle was a violation of the Secretary's regulations pertaining to the use of the BAIID and justified denying him relief. 

On September 30, 2003, plaintiff filed a petition for administrative review with the circuit court.  On March 25, 2004, the circuit court reversed the Secretary's decision and granted plaintiff full reinstatement.  The court found the Secretary's decision was against the manifest weight of the evidence and an abuse of discretion.  On April 21, 2004, the Secretary filed a motion for stay of judgment pending appeal.  This appeal followed.

II. ANALYSIS

A. Secretary's Administrative Decision

The Secretary appeals the circuit court's order reversing his denial of plaintiff's petition for reinstatement.  The Secretary contends his decision denying plaintiff's request was not against the manifest weight of the evidence or a result of an arbitrary or capricious exercise of discretion.  We agree.

We first note plaintiff has not filed an appellee's brief.  However, because the record is simple and the issue is such that we can easily decide it without the aid of a brief, we will consider the appeal on its merits.  
In re Marriage of Rogers
, 213 Ill. 2d 129, 135, 820 N.E.2d 386, 389 (2004). 

When reviewing the appeal of an administrative decision, this court reviews the agency's decision, not the decision of the circuit court.  
Harris v. Department of Human Services
, 345 Ill. App. 3d 764, 766, 803 N.E.2d 1063, 1065 (2004).  If the decision involves a pure question of law, our review is 
de
 
novo
.  
Carpetland U.S.A., Inc. v. Illinois Department of Employment Security
, 201 Ill. 2d 351, 369, 776 N.E.2d 166, 177 (2002).  "The legal effect of undisputed facts is such a legal question."  
Castillo v. Jackson
, 207 Ill. App. 3d 799, 803, 566 N.E.2d 404, 405 (1990).

Courts must give substantial weight and deference to the interpretation placed on a statute or regulation by the agency charged with its administration and enforcement.  
Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n
, 95 Ill. 2d 142, 152, 447 N.E.2d 295, 300 (1983).  Courts will not interfere with the administrative body's authority unless it was a result of an arbitrary or capricious exercise of discretion or the decision was against the manifest weight of the evidence.  
Clark v. White
, 343 Ill. App. 3d 689, 693, 798 N.E.2d 412, 416 (2003).  "If the record contains any evidence which fairly supports the agency's decision, such decision is not against the manifest weight of the evidence and must be sustained upon review."  
Conklin v. Ryan
, 242 Ill. App. 3d 32, 37, 610 N.E.2d 751, 755-56 (1993).

The fact plaintiff had the BAIID removed from his vehicle during the term of his RDP is undisputed.  The question is whether that removal violates the Secretary's regulations and constitutes grounds for denying the reinstatement of driving privileges. 

Section 6-205(h) of the Code provides:

"The Secretary of State shall require the use of ignition interlock devices on all vehicles owned by an individual who has been convicted of a second or subsequent offense under [s]ection 11-501 of this Code or a similar provision of a local ordinance.  The Secretary shall establish by rule and regulation the procedures for certification and use of the interlock system."  625 ILCS 5/6-205(h) (West 2002).  

The Secretary has enacted regulations that establish standards for issuing RDPs and the conditions related thereto.  See 92 Ill. Adm. Code §§1001.400 through 1001.490 (Conway Greene CD-ROM April 2001).  Those regulations have the force and effect of law.  
Conklin
, 242 Ill. App. 3d at 34, 610 N.E.2d at 753.  Included in those regulations are procedures related to the use of BAIIDs, which provide the following:  

"If the hearing officer determines that a RDP should be granted *** the RDP is conditioned upon the installation and continued use of the [BAIID] device.  All RDPs issued under the program shall require continued use of the device until the driving privileges of the petitioner are reinstated."  92 Ill. Adm. Code §1001.441(f)(2), as amended by 26 Ill. Reg. 9380, 9444 (amended June 13, 2002).

The regulations further provide that "[w]ritten notification from a manufacturer/installer on a removal/de­installation report form stating that their device *** has been removed" shall be grounds for immediate cancellation of an RDP issued under the BAIID program.  92 Ill. Adm. Code §1001.441(j)(3) (Conway Greene CD-ROM March 2002).

Plaintiff's actions of (1) removing the BAIID from his vehicle prior to the expiration of his RDP and before being granted full reinstatement and (2) failing to voluntarily surrender his RDP upon the removal of the device were in violation of the Secretary's regulations.

The legislature specifically required the use of ignition interlock devices by an individual who had been convicted of two or more DUI offenses and specifically granted the Secretary the authority to establish the rules and regulations related to the use of the devices.  625 ILCS 5/6-205(h) (West 2002).  Therefore, we cannot say that denying plaintiff full reinstatement due to his violation of the regulations established by the Secretary was either an arbitrary or capricious exercise of discretion or against the manifest weight of the evidence.  We reverse the circuit court and reinstate the Secretary's decision denying plaintiff full reinstatement.

B. Plaintiff's Motion To Strike

On June 10, 2004, while this appeal was pending, the circuit court denied the Secretary's April 21, 2004, motion for a stay pending appeal.  On July 15, 2004, plaintiff filed a motion to strike portions of the Secretary's motion for stay, alleging the Secretary "refer[red] to information which was not produced at hearing with respect to this matter and as such is inappropriately being introduced as evidence in this matter."  The Secretary filed an objection and a response thereto, and this court ordered plaintiff's motion be taken with the case.

Plaintiff's allegations and the grounds supporting his motion are suspect at best.  Although plaintiff does not specifically indicate what "information" was improperly included "as evidence," we surmise he is referring to the BAIID-removal report the hearing officer referred to in his findings and recommendations.  There, the hearing officer indicated the report was received after plaintiff's hearing.

First, the Secretary's motion for stay does not mention or refer to the report.  If, in fact, the report is the "information" to which plaintiff refers, the Secretary's motion contains nothing to strike.

Second (assuming plaintiff wishes the reference to the report be stricken from the record), the report contained nothing that would prejudice plaintiff.  Plaintiff admitted in the hearing that he had the BAIID removed; therefore, no harm resulted from referring to or considering a report from the BAIID vendor stating the same thing.  For these reasons and based upon our decision in this appeal, plaintiff's motion is denied.

III. CONCLUSION

We reverse the order of the circuit court of Sangamon County directing the Secretary to grant plaintiff full reinstatement of his driving privileges.  We reinstate the Secretary's decision.

Reversed; decision of the Secretary of State reinstated.

MYERSCOUGH and KNECHT, JJ., concur.