(No. 31616.—)

MIRIAM BROWN, Appellant, *vs.* L. S. MINER *et al.,* Appellees.

*Opinion filed January 18, 1951.*

L. H. HOLLAND, of Wood River, for appellant.

AUSTIN A. LEWIS, State's Attorney, of Edwardsville, (WILBUR A. TRARES, of counsel,) for appellee Eulalia Hotz, county Clerk; and C. C. ELLISON, of Alton, for appellee Theodore Spurgeon.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is a direct appeal from an order dated March 24, 1950, of the county court of Madison County, reforming a tax certificate of sale for certain lots in the city of Alton, and directing the county clerk of Madison County to issue a deed for the same to appellant, Miriam Brown. The freehold title to the property in question is involved.

The facts out of which this case arises are as follows: in February, 1945, appellant purchased certain property at a tax sale, conducted under section 235a of the Revenue Act, commonly known as the Scavenger Act. Subsequently she made an application to the county clerk for the issuance of a deed as provided by the Revenue Act, and pursuant thereto, on March 11, 1947, the deed was issued to her, and duly recorded. After the deed had been issued, it was claimed there was a misdescription in part of the property, and thereupon Miriam Brown filed a petition in the county court, allegedly authorized by paragraph 716a of the Revenue Act, setting up that fact, and praying that the court direct the county clerk of Madison County to

execute and deliver a corrected certificate of purchase, and to execute and deliver a new deed for the property under a correct description. Process was obtained in the manner directed by law, and on February 4, 1948, the county court *entered an order,* and in that order, after reciting the facts, directed the county clerk, within twenty days, to execute and deliver to appellant a deed conveying said property under the corrected description. This order was duly entered and filed the same day, and no appeal taken therefrom by anyone.

On July 16, 1948, a motion was made in the county court to set aside said order and the tax deed, and on July 29, 1948, the court entered an order, and in that order, after allowing all of the parties to withdraw their answers to said motion, found that the order of February 4, 1948, was inadvertently entered on the petition of Miriam Brown for a tax deed, which order was entered without the court having passed upon the motion of Theodore Spurgeon to dismiss the petition, and without having heard evidence under the answer of Spurgeon, ordering a tax deed to issue to Miriam Brown, and thereupon, among other things, recited: "All parties in appearance. No question raised with reference to jurisdiction of the court and the court on its own motion this day having considered the matter hereby orders that the order entered in this cause on February 4, 1948, ordering a tax deed to be issued be and the same is hereby set aside, vacated and held for naught and the deed issued thereunder is also hereby vacated, annulled and held void."

Thereafter, after the filing of various pleadings by the parties and the taking of testimony, the court entered a new order on March 24, 1950, in the same cause, concerning the same property, and among other things made a finding that Theodore Spurgeon, one of the appellees, was in possession of the property and entitled to redeem, that appellant, Miriam Brown, was the purchaser of the prop-

erty at said sale, and that she had paid in the sum of $1000 at the sale and in addition thereto had paid the taxes for the years 1945, 1946, 1947, 1948 and 1949, and ordered that the tax certificate of purchase for the property described be reformed, that the motion of Spurgeon to dismiss the petition be overruled, that all of the other defendants be defaulted, that Spurgeon had the right to redeem the real estate, and that unless he does so within thirty days the county clerk of Madison County is ordered to issue a tax deed to appellant for the property described.

The purchaser, Miriam Brown, gave notice of appeal, particularly specifying that it was error for the court to allow Spurgeon to redeem. The county clerk, Eulalia Hotz, filed a notice of cross appeal, because she claimed that having once issued a deed she could not be compelled to issue another deed. And Theodore Spurgeon, one of the defendants, also filed a cross appeal on the ground that the petition in the cause should be dismissed.

Appellant, Brown, now urges a lack of jurisdiction upon the part of the county court to enter the order of March 24, 1950. While the order of July 16, 1948, setting aside the order of February 4, 1948, was made more than thirty days after the last specified order, yet it appears from the recitals that said order was entered inadvertently, and that none of the parties made any objection thereto, and that all of them thereafter proceeded as though the order had been entered by consent. Under such circumstances, the vacation of an order after more than thirty days is not objectionable, and the voluntary appearance of the parties may revest the court with jurisdiction over their persons and the subject matter. (*Rossiter* v. *Soper,* 384 Ill. 47; *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541; *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 Ill. 61.) And further, the vacation of a judgment has been upheld where it appears that all parties consented thereto after the time when the court would otherwise lose jurisdiction to vacate.

(*Steinhagen* v. *Trull*, 320 Ill. 382.) This objection of appellant must be overruled.

It appears without any dispute that Miriam Brown purchased at tax sale in February, 1945, three parcels of ground, and received certificates of purchase for said real estate from the county clerk's office; that she thereafter paid the taxes legally assessed against said property, and filed her request, supported by affidavit, with the county clerk for a tax deed for the same property, and that a tax deed conveying the said premises to Miriam Brown was executed by the county clerk on March 11, 1947, and was filed for record. It appears from examination of the affidavit made by Miriam Brown, and the stipulation in court, prior to taking out her tax deed of March 11, 1947, that no notice was served, as required by section 263 of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 744,) upon one Theodore Spurgeon, who was an occupant of the property included in said tax deed. Thereupon Miriam Brown filed a petition on July 26, 1947, in the county court of Madison County for a tax deed, under the provisions of section 235a of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 716a,) commonly known as the "Scavenger Act," and caused summons to be served upon Theodore Spurgeon and the other parties. It is on this petition that the first order was entered by the county court, which was later set aside and the order of March 24, 1950, entered, from which the appeal and cross appeal were taken.

It is stipulated by the parties that the only questions involved in the present case are the following: (a) whether or not it is necessary in a case of the kind here in question to give notice under section 263, when, as in the instant case, process of summons was duly served upon the party to whom notice would otherwise have been required to be given under said section as aforesaid; and two other questions (b) and (c) are stipulated to be involved, but can be acted upon only in case we hold that service of summons

in the proceedings before the county court took the place of notice prescribed by section 263 of the Revenue Act.

In the case of *Sawicki* v. *Clemons, ante,* p. 55, the precise question involved in the first paragraph of this stipulation was decided by this court. It was there contended that the service of summons in the alternative method presented in a hearing before the county court took the place of the notice provided by the statute, and that the use of the disjunctive in providing two methods of obtaining a deed of conveyance made the notice provided by the constitution and the statute applicable only in cases where the county clerk issued the deeds as a part of his administrative duties, and did not apply to the county court when it obtained jurisdiction of the parties by the process of summons.

In that case we decided that the General Assembly had complied with the constitution in enacting section 263 of the Revenue Act, requiring notice to be given to the person whose property had been sold at tax sale, and also provided in section 235a that the same publication of notice should be required in cases where proceedings were held under the Scavenger Act. We also held that service of process was not a valid substitute for a notice required by section 263, and that the alternative method of obtaining a tax deed, provided in section 235a, applied only after the two-year period of limitation had passed; that in one case the county clerk issues a deed as a ministerial act, and that in the other the deed is issued pursuant to the order of the court, and it was therefore necessary, in a proceeding in the county court under section 235a, as a jurisdictional allegation, to show that the notice provided under section 263 of at least three months before the period of redemption has expired had been given as a prerequisite to the issuance of the deed. And, since the petition in the county court did not allege that such notice had been given, it was fatally defective, and failed to state a cause of action.

In the instant case it is stipulated that Spurgeon was an occupant of the premises, and also stipulated he did not receive any notice, as required by section 263 of the Revenue Act. It is unnecessary for us to restate the reasons given in the *Sawicki case,* as they are so precisely applicable as to not require further elaboration.

The county court had no jurisdiction to enter an order under section 235a of the Revenue Act for the reasons stated above. The order of the county court of Madison County is accordingly reversed.

*Order reversed.*