THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
PETER HOBAN *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-455

Opinion filed January 18, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Richard K. Means, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The three defendants were indicted for perjury. Prior to trial, the trial court heard testimony on defendants' motion to suppress certain evidence and denied that motion. During the subsequent bench trial, the same trial judge granted defendants' motion to suppress the same evidence based on the identical testimony adduced at the pretrial hearing. The State thereupon filed a motion to recess the trial in order to allow it to appeal. The trial court denied the State's motion to recess the trial. The State tendered to the court a motion for findings of fact and conclusions of law, and filed a notice of appeal from the order suppressing evidence. The trial court accepted the notice of appeal and then demanded that the State proceed with its case. The prosecutor stated that the court had suppressed its remaining evidence but that the State did not rest because it wished to appeal the order suppressing the evidence. Defense counsel moved for directed findings of acquittal. The court again refused to recess the trial pending appeal and entered judgments of acquittal as to all defendants. The State appeals. Defendant appellees have not filed an answering brief in this court, but we shall consider the matter on its merits.

The perjury charges against defendants arose from allegations that they

had made false sworn statements in the signing of their voters' registration cards. They had sworn that they had resided at 4030 Campbell Avenue in Chicago although allegedly they never resided at that address.

Defendants' pretrial motion to suppress the testimony of Alon Jeffrey was based on the fact that he obtained information concerning the Campbell Avenue premises during an illegal entry while acting as a public official, an election judge.

At the pretrial hearing on the motion to suppress, Alon Jeffrey testified that on January 29, 1975, he was an election judge appointed by the Chicago Board of Election Commissioners for the 44th precinct of the 47th ward. On that day he accompanied his wife and another woman, both election judges, as they conducted a canvass of another precinct in the same ward. The purpose of the canvass was to determine the validity of the registration of voters in that precinct. The witness and the women went to the Campbell Avenue premises and found defendants' names with a listing for a basement apartment. However, there was no mailbox or bell for the apartment.

On the same evening, Jeffrey and his wife returned to the premises to deliver notices to show cause why voter registrations should not be cancelled. The notices were directed to defendants, and are described as pink slips. Jeffrey's wife remained in the automobile while he went to the rear of the building at the basement door to deliver the notices. The door was open and he entered the basement. He observed an ordinary basement which contained no toilet or cooking facilities, no beds, and no property which would be used by someone in maintaining a dwelling place. Jeffrey then left the pink slips on the back stoop near the entrance to the basement.

Defendant Hoban testified at the hearing that Hallihan and he had a leasehold interest in the premises acquired about January 1, 1975. Fifty dollars was paid for the January rent on January 29 or 30. The apartment did not have a toilet, and he did not know what kind of door it had. He did not give Jeffrey permission to enter the premises, but did not know if the door was open. Hoban was a precinct captain, and his precinct included the premises in question.

After hearing argument, the trial court took the motion to suppress under advisement and some ten weeks later denied it. At the subsequent trial, defense counsel, during Jeffrey's testimony, renewed the motion to suppress Jeffrey's testimony, and the court granted it.

■■ Illinois statute permits the State to appeal from an order suppressing evidence. (Ill. Rev. Stat. 1975, ch. 110A, par. 604.) The statute also directs as to how the court should proceed after it grants a motion to suppress evidence during trial, and provides in pertinent part:

"If the motion is made during trial, and the court determines that

the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the evidence, the court shall terminate the trial with respect to every defendant who was a party to the hearing and who was within the scope of the order of suppression, without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression." (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(c).)

Also see *People v. Shipp* (1968), 96 Ill. App. 2d 364, 239 N.E.2d 296.

■■ The trial court erred in denying the State's motion to terminate the trial without further proceedings in order to permit the State its interlocutory appeal from the order of suppression.

■■ Filing of the notice of appeal within due time causes jurisdiction of this court to attach instanter and deprives the trial court of jurisdiction of the matter. (*City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 227 N.E.2d 760; *People v. Circella* (1972), 6 Ill. App. 3d 214, 285 N.E.2d 254.) In the present case, the trial court allowed defendants' renewed motion to suppress the same testimony that it previously ruled as admissible evidence. The State properly filed its notice of appeal from that order. Consequently, all proceedings and actions taken by the trial court thereafter, including the judgments of acquittal, are nullities and void.

■■ We also believe that the trial court erred in suppressing Jeffrey's testimony. The trial court found that Jeffrey was a private citizen and not an employee of the election commission at the time he made his observation of the basement on January 29, 1975. It is well settled that the protections afforded by the Fourth Amendment do not extend to searches by a private citizen, regardless of whether the private citizen is in the process of committing a legal act or an illegal act. *Barnes v. United States* (5th Cir. 1967), 373 F.2d 517; *United States v. Burton* (8th Cir. 1973), 475 F.2d 469, *cert. denied* (1973), 414 U.S. 835, 38 L. Ed. 2d 70, 94 S. Ct. 178.

For the foregoing reasons, the judgments and orders of the circuit court of Cook County are vacated and reversed and the case is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.