FRANK J. CARACCI, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (1st Division)  No. 85—2848

Opinion filed August 31, 1987.

Neil F. Hartigan, Attorney General, of Springfield (William D. Frazier, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Frank J. Caracci, hereinafter Caracci, brought an administrative review action to challenge a decision of the Secretary of State, hereinafter Edgar, denying his petition for reinstatement of full driving privileges or for the issuance of a restricted driving permit. The trial court reversed, and Edgar has appealed contending: (1) reinstatement of Caracci's driving privileges has been rendered moot by the subsequent automatic revocation of Caracci's driver's license as a result of a separate conviction for driving under the influence; (2) Edgar properly considered Caracci's entire driving record, including arrests, in determining whether to reinstate his driving privileges; (3) the denial of reinstatement privileges was not against the manifest weight of the evidence; (4) the circuit court improperly reversed Edgar's ruling without remanding the matter to determine if Caracci's privileges should be fully reinstated or whether a restricted driving permit should be issued; and (5) an order dismissing the cause for want of prosecution entered eight months prior to the circuit court's order reversing Edgar's decision was improperly vacated *nunc pro tunc.*

Although Caracci has not filed an appellee's brief, this does not

affect our disposition of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

Caracci testified at the 1983 administrative hearing that he was 25 years old, he worked in his father's hairdressing salon and sold vitamins part time in the evenings. He drove to work with his father. An alcohol evaluation from Meldman and Associates was admitted which concluded that Caracci "does not have a problem in his life situation with alcohol." Caracci further testified that he was not an alcoholic "any more." He explained that when he was drinking he never lost consciousness or experienced a loss of memory from consuming alcohol and never engaged in daily drinking. Moreover, he explained that he had not had a drink in over a year and he had started a vigorous exercise program. He explained the drinking problem between 1976 and 1981 stemmed from his drinking with his friends, but felt that he had now substantially matured and was a totally different person. He also emphasized that he had never been involved in an automobile accident.

Joseph Caracci, Caracci's father, testified that he had personal problems and lost his house and business when his son was a teenager, and he did not recognize the situation when the son began having problems. He felt his son liked to be with his friends and was slow in maturing, but in the last 18 months he had developed into a "real man." Caracci's father recalled that the last time he saw Caracci intoxicated was two years earlier.

The hearing officer found that Caracci's driving record included the following infractions:

(a) Convictions for failure to obey a lawful order of the police and disobeying a traffic control light on August 27, 1976.

(b) A speeding conviction on March 2, 1977.

(c) A two-month suspension of driving privileges for being convicted of three or more moving violations within a 12-month period from June 7, 1977 to August 7, 1977.

(d) A conviction for disregarding a traffic control light on June 27, 1977.

(e) A conviction for reckless driving on November 8, 1977.

(f) Convictions for illegal transportation of alcohol on October 23, 1978, and May 24, 1979.

(g) A conviction for speeding on August 18, 1980.

(h) A conviction for driving under the influence of alcohol on June 19, 1981.

(i) Convictions for driving while his license was revoked or

suspended on July 30, 1979, July 13, 1981, and November 12, 1981.

The hearing officer also found that an order revoking Caracci's driver's license pursuant to section 6—205(a)(2) of the Illinois Vehicle Code was entered effective August 14, 1981. The hearing officer concluded that Caracci did not currently appear to have an alcohol-abuse problem and had demonstrated that he may be a safe and responsible driver and that to reinstate his driving privileges at this time would not endanger the public safety and welfare.

On January 3, 1984, Edgar entered an order stating that he did not concur with the conclusions of law and recommendations of the hearing officer due to the evidence and testimony submitted, and denied Caracci's petition for reinstatement of full driving privileges and for the issuance of a restricted driving permit. Edgar stated that Caracci's past driving record reflected "numerous traffic violations including two DUI arrests with one conviction and two illegal transportation of alcohol, with documentary history of past alcohol abuse, without documented evidence of appropriate treatment or abstinence." Edgar concluded that Caracci failed to demonstrate that he would be a safe and responsible driver.

■■ Edgar first contends this appeal is moot because of Caracci's subsequent conviction on October 2, 1984, for driving under the influence of alcohol and the consequent automatic suspension of his license on June 15, 1985, which cannot be reviewed until June 15, 1986. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208(b)(2).) Edgar has attached as an appendix to his brief a copy of his order of license revocation dated June 15, 1985. Judicial notice may be taken of public records. (*Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 136, 379 N.E.2d 290.) We find, however, that this appeal is not rendered moot by the subsequent revocation since June 15, 1986, has passed and section 6—205(c) provides that defendant may issue a restricted driving permit to a person convicted of driving under the influence whose license must be revoked under section 6—205(a) of the Vehicle Code. Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c).

■■ ■ We next consider whether the circuit court correctly concluded that Edgar's administrative decision was against the manifest weight of the evidence and whether it was proper for Edgar to consider Caracci's arrest which did not result in a conviction. A person who seeks restoration of his driving privileges has the burden of establishing entitlement to restoration of driving privileges by clear and convincing evidence. (*Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 730, 498 N.E.2d 295.) The findings and conclusions of the administra-

tive agency on questions of fact are considered to be *prima facie* true and correct on judicial review. In order to find Edgar's findings against the manifest weight of the evidence, we must find that the opposite conclusion is clearly evident. (*Karas v. Dixon* (1978), 67 Ill. App. 3d 736, 739, 385 N.E.2d 133.) Unlike an appellate court reviewing factual findings of a trial court, the administrative body is not bound by the findings made by its hearing officer. (*Southern Illinois Asphalt Co. v. E.P.A.* (1973), 15 Ill. App. 3d 66, 80, 303 N.E.2d 606, *aff'd* (1975), 60 Ill. 2d 204, 326 N.E.2d 406; *cf. Donnelly v. Edgar* (1987), 117 Ill. 2d 59.) The agency must consider such findings, but it is not bound by the findings even where the findings concern witness credibility. (*Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 380-81, 465 N.E.2d 1052.) Issuance of a restricted driving permit under section 6—205(c) of the Vehicle Code is one entrusted to Edgar, whose determination will not be reversed unless it is arbitrary or capricious. *Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 196, 441 N.E.2d 1267.

■ In this case, the circuit court expressed concern that there was only one conviction for driving under the influence. Edgar pointed out that Caracci had been arrested twice for driving under the influence. Caracci had been convicted in one instance, and in the other, his license was suspended for refusing to take a breathalyzer test. Edgar's decision noted that Caracci's past driving record reflected numerous traffic violations "including two DUI arrests with one conviction." The circuit court believed that it was improper for Edgar to consider an arrest. However, we agree with Edgar that section 6—208 of the Vehicle Code allows him to consider all information about Caracci's driving record, including arrests. A useful analogy can be made to criminal proceedings in which trial courts have been allowed to use arrest records in considering an appropriate sentencing disposition. Our supreme court has recently held in *People v. Brisbon* (1985), 106 Ill. 2d 342, 365, 478 N.E.2d 402, that at the sentencing hearing, testimony of misconduct may be admitted, although the misconduct may not have resulted in prosecution and conviction, provided it is relevant and reliable. As the court said in *People v. La Pointe* (1981), 88 Ill. 2d 482, 498, 431 N.E.2d 344, when proof of misconduct is offered at a sentencing hearing, whether a defendant had been prosecuted and convicted for that misconduct is not controlling as to its admissibility.

■ Edgar also points out that section 6—208 of the Vehicle Code concerns application for a driver's license after revocation and provides that Edgar shall not issue such license "unless and until he is satisfied after investigation of such person that to grant the privilege of driving

a motor vehicle on the highways will not endanger the public safety or welfare." Also, the Procedures and Standards of the Illinois Secretary of State (92 Ill. Adm. Code 1001.430 (1985)) provide that the applicant's total driving record may be considered in determining an application for reinstatement. We agree with Edgar that the implied-consent suspension effective March 26, 1979, which resulted from an incident involving Caracci's arrest for driving under the influence, was particularly worthy of Edgar's consideration, not as evidence of guilt but as part of the complete evaluation and review of an applicant's total driving record reflecting his performance on the highways.

■ Caracci testified that he had been rehabilitated and was alcohol-free for one year prior to the administrative hearing held in August 1983. An alcohol evaluation concluded that Caracci was totally committed to a life of sobriety, had stopped drinking over one year earlier and did not have a problem with alcohol at that time, but Edgar found that Caracci's past driving record documented a history of past alcohol abuse without documented evidence of appropriate treatment or abstinence. Considering it was proper for Edgar to consider Caracci's 1979 license suspension under the provisions of section 11–501.1 of the Vehicle Code, that Edgar could properly make his own findings concerning the credibility of Caracci's testimony, and that the alcohol evaluation report was based largely on Caracci's statements, we cannot say that Edgar's conclusion that Caracci failed to demonstrate that he would be a safe and responsible driver was against the manifest weight of the evidence.

■ Finally, we consider Edgar's argument that the trial court improperly entered a *nunc pro tunc* order. The record reveals that Caracci filed this petition for administrative review on January 24, 1984. An order was entered on November 7, 1984, dismissing the cause for want of prosecution. Nevertheless, on April 8, 1985, an order was entered setting a briefing schedule and on June 26, 1985, the matter was continued to July 2, 1985, when the circuit court reversed Edgar's decision. On August 1, 1985, Edgar moved to vacate the order of July 2, 1985, because of the prior dismissal order contending that the circuit court had no jurisdiction. Caracci moved to strike Edgar's motion to vacate the July 2, 1985, order, because he had no notice of the November 7, 1984, order. On August 29, 1985, the circuit court vacated the order of November 7, 1984, and refused to vacate the order of July 2, 1985.

The foregoing chronology establishes that the actions of the parties in proceeding on the merits after November 7, 1984, were sufficient to revest the circuit court with jurisdiction. Although further

proceedings after a dismissal are, in general, unauthorized until the dismissal is vacated and the cause reinstated, an exception arises where the parties actively participate in further proceedings or the party in whose favor dismissal was entered otherwise conducts himself in a manner inconsistent with the order of dismissal, thus nullifying the order of dismissal and revesting the trial court with jurisdiction. (*Governale v. Northwest Community Hospital* (1986), 147 Ill. App. 3d 590, 596, 497 N.E.2d 1318.) Since the parties actively participated in subsequent proceedings without objection, the dismissal order of November 7, 1984, became a nullity. Therefore, we find nothing improper in the circuit court's action on August 29, 1985, vacating the dismissal order of November 1984.

We find it unnecessary to consider Edgar's contention that the trial court should have remanded the cause for further administrative consideration instead of only reversing the decision.

Therefore, the judgment of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL and O'CONNOR, JJ., concur.