MAGDALENA WIERZBICKI, Plaintiff-Appellant, v. THOMAS F. GLEASON *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—06—3756

Opinion filed March 6, 2009.

Walter E. Trittipo, of Walter E. Trittipo, P.C., of Wilmette, for appellant.

Stephen A. Kolodziej, of Brenner, Ford & Monroe, Ltd., of Chicago, for appellees Roman Daczkewycz and Park Ridge Orthopedic Surgeons, S.C.

Richard H. Donahue, of Donahue, Brown, Mathewson & Smyth, of Chicago, for appellees Thomas F. Gleason and Illinois Bone and Joint Institute, Ltd.

JUSTICE JOSEPH GORDON delivered the opinion of the court:
This is an appeal by plaintiff from an order of the circuit court vacating a previous order which had reinstated her action after it was dismissed for want of prosecution. On appeal, plaintiff contends that the court improperly vacated its decision to reinstate her case based upon unsubstantiated allegations of misconduct by her attorney. For the reasons that follow, we reverse.

## I. FACTS

On March 2, 1999, plaintiff, Magdalena Wierzbicki, filed a medical malpractice action against defendants, Dr. Thomas F. Gleason and Dr. Roman Danczkewycz, apparently alleging that they were negligent in diagnosing and treating injuries she suffered to her right upper extremity and neck while at work.[1] On November 20, 2001, after the parties commenced discovery, but prior to its completion, plaintiff voluntarily dismissed the matter. On November 19, 2002, plaintiff refiled a complaint against defendants. On February 27, 2003, the circuit court held a case management conference on the matter and ordered that discovery be completed within 12 months, that the written discovery completed during the course of the previous case be incorporated into the case, and that written discovery be supplemented by the parties by March 16, 2003.

Thereafter, plaintiff requested and received more than five extensions of time in which to complete supplemental discovery. On February 18, 2004, plaintiff received another extension and plaintiff's

---

[1]While plaintiff's original complaint is not included in the record on appeal, it would appear that plaintiff's refiled complaint in the case at bar is duplicative of that earlier pleading.

counsel drafted an order, which was entered by circuit court Judge Kathy M. Flanagan, setting the matter for case management on April 29, 2004, at 9 a.m. On March 24, 2004, the case appeared on the law division's "Black Line" call and circuit court Judge William Maddux, as the assignment judge hearing the matter, entered an order returning the case to its regular calendar and setting a case management hearing for April 29, 2004, at 10:30 a.m.

On April 29, 2004, plaintiff's counsel failed to appear at 9 a.m. as was required by Judge Flanagan's February 18, 2004, order and the court entered an order dismissing her case for want of prosecution. The order further stated, "No motion to vacate will be entertained until plaintiff is in compliance with prior orders." That same day, however, plaintiff's attorney appeared before Judge Flanagan at 10:30 a.m., as was required by Judge Maddux's March 24, 2004, order and received another discovery extension. That afternoon, the court realized it had entered inconsistent orders and ordered the attorneys to return on May 3, 2004, in order to "determine the exact status of the case and to decide which order would stand."

Plaintiff's counsel failed to appear on May 3, 2004, and the court entered an order stating,

> "1) Plaintiff failed to appear on 5-3-04.
> 2) The [Plaintiff's] 4/29/04 order from the 10:30 am call that extended discovery is vacated.
> 3) The order entered on 4/29/04 at 9:00 a.m. dismissing the case for want of prosecution stands."

On June 2, 2004, plaintiff filed a motion to vacate the dismissal arguing that her attorney inadvertently missed the May 3, 2004, hearing because he had left his calendar at home and came to court at 10 a.m., rather than 9 a.m., based on his faulty recollection of the court's request. On July 26, 2004, the court denied the motion to vacate stating as its reason plaintiff's "failure to comply with prior court orders to supplement discovery."

On August 19, 2004, plaintiff filed a motion to reconsider, alleging that her attorney had worked diligently to comply with the court's discovery orders and had finally done so. Plaintiff attached to her motion supplemental responses to interrogatories, including Rule 213(f) (210 Ill. 2d R. 213(f)) disclosures for plaintiff's expert witnesses.

On September 17, 2004, the court entered an order stating that it was taking the motion under advisement and setting the matter for ruling on October 1, 2004. On October 1, 2004, the court entered another order continuing the ruling date to October 15, 2004. However, the court did not rule on the motion until June 15, 2006, at which time it granted plaintiff's motion to reconsider and vacated its

dismissal of the case. On the respective dates of July 13 and July 14, 2006, each of the defendants filed his own appeal contesting the court's decision to vacate the dismissal. Thereafter, an order was entered staying all proceedings pending the resolution of those appeals.

While the appeals were pending, however, the court called the parties to a hearing, and, on August 14, 2006, told them:

"I called you back because after the entry of the last order by this Court, it came to my attention that plaintiff's counsel went to the clerk's office and asked one of the supervisors to make a deletion from the electronic docket of a particular order that would be germane to this case.

And on the basis of that, I am requesting that everybody give me copies of all their prior motions because I'm going to vacate my prior order, I am going to rule a different way, and I am doing a final memorandum opinion dealing with everything that has occurred in this case, including supporting it with an affidavit from the supervisor of the clerk's office attesting to the conversation that she had with plaintiff's counsel.

So if everybody can get me copies of whatever they had on file that I previously ruled on *** I will do a new memorandum opinion which will probably obviate the necessity for defendants' appeals."

Plaintiff's counsel then asked if he could speak to the court's concerns, and the court replied, "You can respond to it when I file the order, counsel, you know, but I know what I was told."

In response to the court's request, plaintiff submitted to the court the documents it had requested. In a cover letter dated August 18, 2006, which accompanied those submissions, plaintiff's counsel offered his explanation of his conversation with the supervisor in the clerk's office. He asserted that the electronic docket showed that an order dismissing the case for want of prosecution was entered on June 3, 2004, which he thought was redundant of the order entered on May 3, 2004, and merely asked the employees in the clerk's office about the procedure for correcting the mistake.[2] He also contended that the electronic docket showed that plaintiff's motion to vacate the dismissal was filed on June 3, 2004, even though the file stamp on the motion showed that it was filed on June 2, 2004, and that he wished to correct this disparity. Plaintiff's counsel insisted that he never asked anyone in the clerk's office to change the docket. On November 28, 2006, the court entered a written ruling vacating its June 15, 2006, order by which it had vacated its earlier dismissal of plaintiff's action. In its written memorandum, the court explained:

[2]Neither the record on appeal nor the orders entered by the circuit court indicate that an order dismissing the case for want of prosecution was entered on June 3, 2004.

"On August 14, 2006, this Court requested that the parties appear before the Court, the request being based upon information received from a supervisor from the Office of the Clerk of the Circuit Court that Plaintiff's counsel had requested that a certain entry or entries be deleted from the Clerk's electronic docket for this case. Specifically, Plaintiff's counsel wanted the DWP order of June 3, 2004 deleted, since it was 'redundant' of the April 29, 2004 DWP order (and have never been stricken from the court call, as set forth above); and he wanted to 'correct' the dates and times of filing of certain of his numerous notices and motions, he wanted to 'protect his client from claims that the motion was filed late['] (as per his letter of August 18, 2006).

The Clerk's office supervisor personally telephoned this Court to impart this information and to inform the Court that she had repeatedly told Plaintiff's counsel that the only way the electronic docket could be changed was by a court order signed by the judge whose call the case was on. The supervisor also advised this Court that when Plaintiff's counsel was told this information, he then inquired as to whether any judge from Room 2005 (Law Division Assignment Room) could enter such an order, rather than this Court. Upon receiving this information, this Court contacted the personnel in Room 2005 to advise them of these developments, and to request that any such contact or request from Plaintiff's counsel be immediately referred back to this Court for any necessary action. At the September 17, 2006 hearing, this Court related the aforementioned facts, and indicated that the Court would be issuing a memorandum opinion and order, which vacated the order of June 15, 2006 (granting the 2—1401 petition to vacate the DWP of April 29, 2004)."

The court continued its memorandum opinion, finding that plaintiff's motion to vacate, filed on June 2, 2004, constituted a petition for relief from judgment under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2004)) because it was filed more than 30 days after the case was dismissed on April 29, 2004. The court then held that plaintiff failed to satisfy the requisite elements of section 2—1401 because he did not establish that he exercised due diligence in pursuing her claim, that "the dereliction *vis-a-vis* the non-compliance with multiple discovery orders, failure to disclose SCR 213(f) witnesses and opinions, failure to bring matters to the attention of the Court, etc., was the result of an excusable mistake, or that the actions of Plaintiff's attorney were reasonable and not negligent under the circumstances." As a result, the court vacated its order of June 15, 2006, granting plaintiff's motion to reconsider the denial of her motion to vacate and denied "Plaintiff's motion (construed as a 2—1401 motion) to vacate the DWP of April 29, 2004."

On December 15, 2006, following the circuit court's order of November 28, 2006, the defendants voluntarily dismissed their appeal from the June 15, 2006, order. On December 28, 2006, plaintiff filed the instant appeal from the November 28, 2006, order.

## II. ANALYSIS

On appeal, plaintiff contends that the circuit court erred in entering its November 28, 2006, order which reversed its June 15, 2006, decision on her motion to reconsider the denial of her motion to vacate. She specifically asserts that the court's June 15, 2006, decision granting her motion to reconsider was correct because, in her motion, she adequately established her right to relief from judgment under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). Plaintiff further argues that the court improperly based its decision to reverse its reinstatement of the case on a claim of a clerk's office employee that her attorney attempted to alter the electronic record of the case without the approval of the court.

Before addressing the merits of plaintiff's contentions regarding the propriety of the court's November 28, 2006, order, from which the instant appeal arises, we must first determine whether the court had jurisdiction to enter that order due to the fact that it was entered while defendant's notice of appeal from the court's June 15, 2006, order reinstating the case was pending before this court. Although this issue was not raised by the parties in their original briefs, the parties were afforded an opportunity to address the issue in supplemental briefs and oral argument. On this point, the parties do not dispute that defendants filed separate appeals on July 13 and July 14, 2006, from the June 15, 2006, order and that those appeals were consolidated by this court and subsequently dismissed on December 15, 2006, on defendant's motion.

The parties, disagree, however, as to the effect that defendants' appeal had on the validity of the November 28, 2006, order. Plaintiff correctly notes that, upon the filing of a notice of appeal, the circuit court is divested of jurisdiction to enter any order involving a matter of substance and thereafter retains jurisdiction only to decide matters independent of and collateral to a judgment. *In re Marriage of Steinberg*, 302 Ill. App. 3d 845, 849, 706 N.E.2d 895, 898 (1998). Consequently, any order entered while the circuit court is divested of jurisdiction during the pendency of an appeal, such as the order of November 28, 2006, is void. *American Smelting & Refining Co. v. City of Chicago*, 409 Ill. 99, 104, 98 N.E.2d 710, 712 (1951) ("notice of appeal deprives the trial court of jurisdiction of the subject matter, and, of course, an order or judgment made without jurisdiction is void");

*People v. Vasquez*, 339 Ill. App. 3d 546, 551, 791 N.E.2d 33, 36 (2003) (order by circuit court modifying sentence while appeal pending void for lack of jurisdiction); *People v. Kruger*, 327 Ill. App. 3d 839, 843, 764 N.E.2d 895, 898 (2002) (court's order granting defendant's motion for directed verdict void because entered while interlocutory appeal pending); *In re Marriage of Steinberg*, 302 Ill. App. 3d 845, 849, 706 N.E.2d 895, 898 (1998) (order declaring earlier order void and granting petitioner leave to file motion to revive judgment was itself of "no effect" because entered while appeal pending); *Butler v. Illinois State Board of Elections*, 188 Ill. App. 3d 1098, 1100, 545 N.E.2d 165, 166 (1989) (order certifying plaintiff as candidate for state senate void due to fact that appellate court's mandate returning matter to circuit court had not yet issued); *Wheatley v. International Harvester Co.*, 166 Ill. App. 3d 775, 777, 520 N.E.2d 975, 976 (1988) (dismissal order entered by circuit court before appellate mandate returned "null and void"); *People v. Hoban*, 57 Ill. App. 3d 25, 28, 372 N.E.2d 976, 977 (1978) (all proceedings and actions taken by trial court after State filed notice of appeal from order suppressing evidence were "nullities and void").

Defendants nevertheless contend that the November 28, 2006, order may be considered valid, arguing that although the circuit court lost jurisdiction over the matter due to their appeal of the June 15, 2006, order, plaintiff subsequently treated the November 28, 2006, order as if it were valid by failing to object to the order on grounds that the court lacked jurisdiction and by appealing the order as if it were valid. They specifically note that plaintiff appeared before the circuit court after the November 28, 2006, order on a motion to supplement the appellate record and filed numerous motions before this court. As a result of treating the June 15, 2006, order as if it were still amenable to the jurisdiction of the circuit court, defendants contend, the November 28, 2006, order "can be deemed entered" as of December 15, 2006, the date when defendants' appeal was dismissed and the circuit court was revested with jurisdiction. In other words, defendants argue that upon the dismissal of their appeal, the November 28, 2006, order was transformed from a voidable order into a valid order.

In asserting this argument, defendants rely on the doctrine of revestment. Under that doctrine, a circuit court may be revested with jurisdiction over a case after it has been dismissed if the parties subsequently ignore the dismissal and continue litigating the case. *People v. Minniti*, 373 Ill. App. 3d 55, 67, 867 N.E.2d 1237, 1248 (2007). In order for the doctrine to apply, "the parties must actively participate without objection in proceedings which are inconsistent with the

merits of the prior judgment." *People v. Kaeding*, 98 Ill. 2d 237, 241, 456 N.E.2d 11, 14 (1983). A party's conduct may be considered inconsistent with a prior order "if the conduct reasonably can be construed as an indication that the parties do not view the prior order as final and binding." *Djikas v. Grafft*, 344 Ill. App. 3d 1, 12, 799 N.E.2d 887, 898 (2003). Once the circuit court is revested with jurisdiction, the party who would benefit from the dismissal order will be deemed to have waived the right to argue the enforceability of the order by appearing before the court without questioning its jurisdiction and the order of dismissal will be deemed null. *Gentile v. Hansen*, 131 Ill. App. 3d 250, 255, 475 N.E.2d 894, 897 (1984).

Defendants' reliance on revestment is misplaced. As noted by our supreme court, the terms of the doctrine are narrow and applicable to "revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed." *People v. Kaeding*, 98 Ill. 2d 237, 240, 456 N.E.2d 11, 14 (1983); see also *Cesario v. Board of Fire, Police & Public Safety Commissioners*, 368 Ill. App. 3d 70, 77, 856 N.E.2d 500, 506 (2006) (revestment a "narrow doctrine" applicable after court loses jurisdiction following the lapse of 30 days after final judgment); *Wilkins v. Dellenback*, 149 Ill. App. 3d 549, 554-55, 500 N.E.2d 692, 696 (1986) ("[u]nder the narrow terms of the well-established rule of revestment, litigants may revest a court which has general jurisdiction over a matter with both personal and subject matter jurisdiction when it loses jurisdiction after the entry of a final order"); *People v. Eddington*, 129 Ill. App. 3d 745, 751, 473 N.E.2d 103, 108 (1984) (revestment a "narrow doctrine" applicable after court loses jurisdiction following the lapse of 30 days after final judgment). Indeed, defendants have acknowledged that they have only found revestment applied where the circuit court loses jurisdiction over a matter because of the passage of time after a judgment. Nor has our research found any application of the doctrine outside that narrow and limited context. *People v. Lindmark*, 381 Ill. App. 3d 638, 652, 887 N.E.2d 606, 618 (2008); *People v. Zoph*, 381 Ill. App. 3d 435, 449-50, 886 N.E.2d 425, 438 (2008); *People v. Minniti*, 373 Ill. App. 3d 55, 67, 867 N.E.2d 1237, 1248 (2007); *People v. Gargani*, 371 Ill. App. 3d 729, 732, 863 N.E.2d 762, 766 (2007); *Doe v. Dilling*, 371 Ill. App. 3d 151, 167, 861 N.E.2d 1052, 1064-65 (2006); *Lowenthal v. McDonald*, 367 Ill. App. 3d 919, 925, 856 N.E.2d 1118, 1123-24 (2006); *People v. Montiel*, 365 Ill. App. 3d 601, 604-05, 851 N.E.2d 725, 727-28 (2006); *People v. Price*, 364 Ill. App. 3d 543, 547-48, 846 N.E.2d 1003, 1007-08 (2006); *In re Marriage of Miller*, 363 Ill. App. 3d 906, 914-15, 845

N.E.2d 105, 112 (2006); *Djikas v. Grafft*, 344 Ill. App. 3d 1, 13, 799 N.E.2d 887, 897-98 (2003); *Yugoslav-American Cultural Center, Inc. v. Parkway Bank & Trust Co.*, 327 Ill. App. 3d 143, 149, 763 N.E.2d 360, 396 (2001); *People v. Watkins*, 325 Ill. App. 3d 13, 17, 757 N.E.2d 117, 120 (2001); *People v. MacArthur*, 313 Ill. App. 3d 864, 868, 731 N.E.2d 883, 886 (2000); *In re Marriage of Adamson*, 308 Ill. App. 3d 759, 767, 721 N.E.2d 166, 175 (1999); *A.A. Store Fixtures Co. v. Shopiro*, 272 Ill. App. 3d 959, 966, 651 N.E.2d 525, 530-31 (1995); *Kandalepas v. Economou*, 269 Ill. App. 3d 245, 251-52, 645 N.E.2d 543, 548 (1994); *In re Marriage of Schauberger*, 253 Ill. App. 3d 595, 601-02, 624 N.E.2d 863, 680-81 (1993); *Elmore v. Elmore*, 219 Ill. App. 3d 61, 64-65, 580 N.E.2d 619, 622 (1991); *In re Marriage of Wharrie*, 182 Ill. App. 3d 434, 436, 538 N.E.2d 183, 184 (1989); *Vulcan Metal Products, Inc. v. Schultz*, 180 Ill. App. 3d 67, 71-72, 535 N.E.2d 933, 936 (1989); *People v. Hubbard*, 170 Ill. App. 3d 572, 576-77, 524 N.E.2d 1263, 1266 (1988); *Caracci v. Edgar*, 160 Ill. App. 3d 892, 897-98, 513 N.E.2d 932, 936 (1987); *Governale v. Northwest Community Hospital*, 147 Ill. App. 3d 590, 596, 497 N.E.2d 1318, 1322 (1986); *In re Marriage of Demond*, 142 Ill. App. 3d 134, 137, 491 N.E.2d 501, 504 (1986); *In re Marriage of Savas*, 139 Ill. App. 3d 68, 73-74, 486 N.E.2d 1318, 1323 (1985); *People v. Eddington*, 129 Ill. App. 3d 745, 751, 473 N.E.2d 103, 108 (1984); *Gentile v. Hansen*, 131 Ill. App. 3d 250, 255-56, 475 N.E.2d 894, 898 (1984); *People v. Kaeding*, 98 Ill. 2d 237, 241, 456 N.E.2d 11, 14 (1983); *Sabatino v. Kozy Kottage Inn, Inc.*, 102 Ill. App. 3d 375, 378, 430 N.E.2d 73, 75 (1981); *Esin v. Liberty Mutual Insurance Co.*, 99 Ill. App. 3d 75, 81, 424 N.E.2d 1307, 1311 (1981); *Comet Casualty Co. v. Schneider*, 98 Ill. App. 3d 786, 792, 424 N.E.2d 911, 916 (1981); *J.D. Court, Inc. v. Investors Unlimited, Inc.*, 81 Ill. App. 3d 131, 135, 400 N.E.2d 1083, 1086 (1980); *Faust v. Michael Reese Hospital & Medical Center*, 79 Ill. App. 3d 69, 72, 398 N.E.2d 287, 289-90 (1979); *Johnson v. Empire Mutual Insurance Co.*, 70 Ill. App. 3d 780, 783, 388 N.E.2d 1042, 1045 (1979); *Spears v. Spears*, 52 Ill. App. 3d 695, 700, 367 N.E.2d 1004, 1008 (1977); *Stark v. Ralph F. Roussey & Associates, Inc.*, 131 Ill. App. 2d 379, 381, 266 N.E.2d 439, 441 (1970); *Stevens v. City of Chicago*, 119 Ill. App. 2d 366, 372, 256 N.E.2d 56, 58 (1970); *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 49-50, 97 N.E.2d 817, 820-21 (1951); *Brown v. Miner*, 408 Ill. 123, 127, 96 N.E.2d 530, 532 (1951); *Craven v. Craven*, 407 Ill. 252, 255, 95 N.E.2d 489, 492 (1950); *Central Bond & Mortgage Co. v. Roeser*, 323 Ill. 90, 97, 153 N.E. 732 (1926); *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 543, 112 N.E. 350 (1916); *Grand Pacific Hotel Co. v. Pinkerton*, 217 Ill. 61, 84, 75 N.E. 427 (1905).

Any extension of the doctrine of revestment, as now urged by defendants, would be inconsistent with the settled legal principles that

a party may challenge a void order at any time and that such a claim may not be waived. *People v. Brown*, 225 Ill. 2d 188, 195, 866 N.E.2d 1163, 1167 (2007) ("a claim that a judgment is void is not subject to waiver and may be raised at any time, either directly or collaterally"); *People v. Thompson*, 209 Ill. 2d 19, 25, 805 N.E.2d 1200, 1203 (2004) ("It is a well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally"); *Citizens to Elect Collins v. Illinois State Board of Elections*, 366 Ill. App. 3d 993, 999, 853 N.E.2d 53, 58 (2006) ("A decision or order can be challenged as void at any time in a court with jurisdiction, and a claim of voidness cannot be waived because courts have an independent duty to vacate void orders").

Furthermore, even if revestment would have been applicable here, plaintiff's conduct after the November 28, 2006, order arguably did not amount to such active participation in the litigation so as to invoke the operation of the doctrine. As noted above, a party's conduct may be considered inconsistent with a prior order for purposes of revestment, "if the conduct reasonably can be construed as an indication that the parties do not view the prior order as final and binding." *Djikas*, 344 Ill. App. 3d at 12, 799 N.E.2d at 897. On this point, we find instructive *Sears v. Sears*, 85 Ill. 2d 253, 422 N.E.2d 610 (1981). In that case, the supreme court found untimely a husband's notice of appeal from the denial of his successive postjudgment motion challenging the distribution of marital assets because the motion was filed more than 30 days after the judgment and the successive motion did not toll the filing period. *Sears*, 85 Ill. 2d at 259, 422 N.E.2d at 612. The husband, nevertheless, argued that his notice appeal was timely because his wife actively participated in the hearing on the second motion and thus revested the circuit court with jurisdiction at that time. *Sears*, 85 Ill. 2d at 260, 422 N.E.2d at 613. The court found the revestment doctrine inapplicable, stating:

> "The hearing on Gerald's [the husband's] motion did not concern the merits of the judgment; the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside; and Conde [the wife] insisted it should not. Nothing in the proceeding was inconsistent with the judgment. Nothing in Conde's conduct voluntarily waived her judgment or estopped her to assert it. The old judgment was never touched, and no new one was entered. The hearing on Gerald's last motion did not render the order denying that motion appealable." *Sears*, 85 Ill. 2d at 260, 422 N.E.2d at 613.

Similarly, in this case, the circuit court lost jurisdiction over the matter after defendants filed a notice of appeal from the court's order reinstating the case and all proceedings were stayed pending the resolution of that appeal. Thereafter, the parties took no substantive actions on the case until the circuit court announced its decision to *sua sponte* reverse its decision and redismiss the case based upon plaintiff's attorney's actions in the clerk's office and requested copies of documents from the attorneys' files. After the court announced its intention to reverse, plaintiff's counsel requested an opportunity to address the matter, but the court retorted that he could "respond to it when I file the order." Plaintiff's counsel then submitted the documents requested by the court and, in his cover letter, attempted to dissuade the court from reversing its reinstatement of the case. After the court entered its written order dismissing plaintiff's case on November 28, 2006, plaintiff filed a notice of appeal challenging the ruling. This conduct was not inconsistent with the June 15, 2006, order reinstating the case and evidenced her belief that the November 28, 2006, order was entered in error and that the June 15, 2006, order should stand. Under these circumstances, we cannot say that plaintiff implied by her conduct that she consented to having the June 15, 2006, order set aside as is required to trigger the effect of the revestment doctrine. *Sears*, 85 Ill. 2d at 260, 422 N.E.2d at 613. Consequently, the November 28, 2006, order was void and must be vacated.

Defendants next argue that even if revestment is inapplicable here, plaintiff otherwise forfeited the right to challenge the validity of the November 28, 2006, order on appeal by failing to raise the issue of the circuit court's jurisdiction to enter the order at an earlier time. We note, however, that we cannot now consider the substantive merits of an order entered by a circuit court when it lacked the subject matter jurisdiction to do so. "A void judgment, order or decree of a court will be reversed on appeal whenever brought before the court by any means possible in the particular case." *People v. Magnus*, 262 Ill. App. 3d 362, 365, 633 N.E.2d 869, 872 (1994). This court has a duty to vacate void judgments and orders based upon its inherent power "to expunge from its records void acts of which it has knowledge" and consequently may *sua sponte* vacate a void order. *Magnus*, 262 Ill. App. 3d at 365, 633 N.E.2d at 872; *Gilchrist v. Human Rights Comm'n*, 312 Ill. App. 3d 597, 601, 728 N.E.2d 566, 570 (2000). Therefore, this court has the authority to vacate the November 28, 2006, order despite the fact that plaintiff did not previously raise the issue of the circuit court's lack of jurisdiction.

Having held that the circuit court's November 28, 2006, order must be vacated, we must now determine how the case should next

proceed. Defendants argue that because the circuit court will again dismiss the case for want of prosecution upon remand, resulting in another appeal, this court should, in the interest of judicial economy, consider the propriety of the June 15, 2006, order vacating the dismissal of the case for want of prosecution and hold that plaintiff was not entitled to such relief. They specifically note that plaintiff's notice of appeal from the November 28, 2006, order stated that the order vacated the June 15, 2006, order reinstating the case and contend that the notice may accordingly be construed as "encompassing" the June 15, 2006, order. Defendants further assert that under Supreme Court Rule 366 (155 Ill. 2d R. 366) this court may now examine the propriety of the June 15, 2006, order and "realign" the parties, treating defendants as the appellants and plaintiff as the appellee, for that purpose. Plaintiff, on the other hand, prays this court to remand the matter to a different judge. We agree with plaintiff.

We find unpersuasive defendants' claim that this court may now consider the propriety of the June 15, 2006, order because plaintiff raised the issue in her notice of appeal. In support of their contention, defendants cite *Heller Financial, Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681, 637 N.E.2d 1085 (1994). In that case, defendant stated in its notice of appeal that it was seeking review of the circuit court's denial of its motion to reconsider judgment entered in favor of plaintiff, but did not explicitly request a review of the underlying judgment itself. *Heller Financial, Inc.*, 264 Ill. App. 3d at 687, 637 N.E.2d at 1090. Before this court, plaintiff argued that we could not consider the propriety of the judgment because the notice did not cite the judgment order. *Heller Financial, Inc.*, 264 Ill. App. 3d at 687, 637 N.E.2d at 1090. We disagreed, holding that the order denying defendant's motion to reconsider "subsumed" the earlier judgment order in favor of plaintiff. *Heller Financial, Inc.*, 264 Ill. App. 3d at 689, 637 N.E.2d at 1091. In doing so, this court noted that the purpose of the notice "is to inform the party who prevailed in the circuit court as to which aspect of the judgment appealed from will be reviewed" and therefore the notice "is to be liberally construed when determining what matters were properly raised in the notice." *Heller Financial, Inc.*, 264 Ill. App. 3d at 689, 637 N.E.2d at 1091. We observed that defendant sought review in the notice of the circuit court's refusal to reconsider its judgment, a ruling that required the court to contemplate once again all of the orders "which comprised its ultimate judgment in the case." *Heller Financial, Inc.*, 264 Ill. App. 3d at 689, 637 N.E.2d at 1092. Thus, liberally construing the notice, we concluded that defendant sufficiently raised issue with the propriety of the judgment on appeal. *Heller Financial, Inc.*, 264 Ill. App. 3d at 689-90, 637 N.E.2d at 1091-92.

Here, unlike in *Heller Financial*, where defendant's notice of appeal was construed as raising an issue with a judgment entered against it because the order was subsumed in a subsequent order denying defendant's motion for reconsideration of that order, the November 28, 2006, order did not subsume the June 15, 2006, order, but instead vacated it. In this case, plaintiff appealed the propriety of the November 28, 2006, order and her notice of appeal cannot be logically construed so as to raise issue with the court's order of June 15, 2006, which was entered to her benefit. More overridingly, defendants here are attempting to use Rule 366 to realign the parties in this case, switching them from appellees to appellants, and to transform this matter from an appeal by plaintiff of the November 28, 2006, order to an appeal by defendants of the June 15, 2006, order. This would in effect reinstate defendants' appeal from the June 15, 2006, order, which, as noted above, they voluntarily dismissed on December 15, 2006. Defendants, however, cite no persuasive legal authority that such a realignment would be appropriate, or even permissible, under these circumstances. Thus, this case must be remanded to the circuit court.

In that respect, we agree that when remanded, this matter should be reassigned to a different circuit court judge. In determining the appropriateness of such a reassignment, we must briefly examine the substantive circumstances of the November 28, 2006, order, which we have now held to be void by reason of the circuit court's lack of jurisdiction. With regard to the merits of the ruling, plaintiff contends that although the court's ruling was an effort by the court to "demonstrate that the facts of the case do not fall within the case law requirements for the granting of a 2—1401 petition," the effort "seems to be a punishment for speaking with the Clerk's Law Division supervisor for about 2 or 3 minutes about how to correct the Clerk's electronic docket."

Although the court framed its decision by analyzing whether plaintiff's motion to reconsider satisfied the requirements of section 2—1401 governing petitions for relief from judgment, her colloquy with the parties and her subsequent written ruling reveal that the court decided to reverse its prior decision because of plaintiff's attorney's conversation in the clerk's office. In a hearing conducted on August 14, 2006, the court told the parties:

"I called you back because after the entry of the last order by this Court, it came to my attention that plaintiff's counsel went to the clerk's office and asked one of the supervisors to make a deletion from the electronic docket of a particular order that would be germane to this case.

And on the basis of that, I am requesting that everybody give me

copies of all their prior motions because I'm going to vacate my prior order, I am going to rule a different way, and I am doing a final memorandum opinion dealing with everything that has occurred in this case, including supporting it with an affidavit from the supervisor of the clerk's office attesting to the conversation that she had with plaintiff's counsel.

So if everybody can get me copies of whatever they had on file that I previously ruled on *** I will do a new memorandum opinion which will probably obviate the necessity for defendants' appeals."

In its written memorandum, the court further stated that it told the parties it would be vacating its decision on the motion to reconsider after being informed of the attorney's conversation with the clerk supervisor.

We find no support, however, for the proposition that an Illinois court may summarily find that an attorney committed misconduct outside its presence and, on that basis, dismiss the case of his client as punishment. Such authority is not granted by supreme court rule and, if such power exists, it must arise from the circuit court's inherent authority to punish attorneys for contempt. See *Cummings v. Beaton & Associates, Inc.*, 249 Ill. App. 3d 287, 320, 618 N.E.2d 292, 312 (1992) ("the 'inherent' power of the court to punish improper conduct of parties and attorneys is currently limited to contempt citations").

Criminal contempt is generally defined as "conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute" (*People v. Javaras*, 51 Ill. 2d 296, 299, 281 N.E.2d 670, 671 (1972)), and is intended "to punish those who commit fraud upon the court" (*In re Marriage of Oleksy*, 337 Ill. App. 3d 946, 949, 787 N.E.2d 312, 316 (2003)). An attorney commits indirect contempt if his actions take place out of the presence of the court and must be established by the presentation of evidence. *People v. Waldron*, 114 Ill. 2d 295, 302, 500 N.E.2d 17, 20 (1986). Indirect criminal contempt is intended to punish past misconduct (*Oleksy*, 337 Ill. App. 3d at 949, 787 N.E.2d at 316), and before receiving punishment for such contempt, an individual must be "informed of the charges against him by information, notice, citation, or rule to show cause, and he must be given an opportunity to file an answer thereto and receive a full hearing thereon." *Javaras*, 51 Ill. 2d at 300, 281 N.E.2d at 672.

In this case, the court based its decision to vacate its prior order entered in plaintiff's favor on her motion to reconsider, in part, on *ex parte* information that plaintiff's attorney attempted to alter the court's electronic docket in order to affect the outcome of the case.

Because these alleged actions took place outside the court's presence and tended to embarrass, hinder, and obstruct the court in its administration of justice and derogate from its authority and dignity, they would have constituted indirect criminal contempt. *Javaras*, 51 Ill. 2d at 299, 281 N.E.2d at 671. Furthermore, it is clear from the court's own oral colloquy with the parties and its statements in the memorandum order that the reversal of its decision granting plaintiff's motion to reconsider was engendered by *ex parte* information gleaned from private conversations with one of the supervising employees of the circuit court clerk's office. Moreover, the court's statements indicate that its decision bore a punitive aspect to penalize the attorney for his alleged improper, collateral, conduct, which more properly should have been handled by a formal criminal contempt proceeding. *Oleksy*, 337 Ill. App. 3d at 949, 787 N.E.2d at 315-16. Such a formal contempt proceeding would have entitled the parties to notice, a full hearing, and all of the other procedural protections that such a proceeding would have engendered. *Javaras*, 51 Ill. 2d at 300, 281 N.E.2d at 672.

Based upon this history, we feel compelled on remand to direct that this matter be reassigned to a different judge since, in reconsidering its June 15, 2006, order, the court appeared to have been influenced by its *ex parte* conversations with an extrajudicial source, namely, the supervising employee in the clerk of court's office. Such reliance on matters extraneous to the substantive issues of the case before it has been held to condone, and at times necessitate, the transfer of the case to another judge. See *Liteky v. United States*, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 491, 114 S. Ct. 1147, 1157 (1994) (although "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," they "*may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" (emphases in original)). Thus, while we do not question the integrity, good faith and general professionalism of this trial judge, the best interests of justice as well as the appearance of justice in this case would be best served if the case were transferred to a different judge on remand.

Reversed and remanded to chief judge for reassignment.

O'MALLEY, P.J., and CAHILL, J., concur.